The Honorable Ed Gilbert State Representative P.O. Box 633 Mountain Home, Arkansas
Dear Representative Gilbert:
This is in response to your request for an opinion on whether there is any law which would preempt local fire code regulations on petroleum storage tanks that are above ground. Specifically, you note that A.C.A. 8-7-701 et seq., (I believe you mean 8-7-801
et seq. (Supp. 1989)), concerns "regulated substance" storage tanks and gives the Department of Pollution Control and Ecology authority over underground storage tanks. You also note that8-7-812(a) says that subchapter supersedes and preempts local regulations pertaining to underground storage tanks except for local building permit or fire code requirements pertaining to the installation of underground tanks.
Your question relative to these facts is whether A.C.A. 8-7-801 or any other law would restrict local fire code regulations on petroleum storage tanks that are above ground.
It is my opinion that nothing in A.C.A. 8-7-801 et seq. would preempt local fire code regulations on above-ground petroleum storage tanks. It is clear that the subchapter does not preempt local fire code regulations pertaining to installation of underground tanks. It is so stated in the statutes. See A.C.A.8-7-812 (a) (Supp. 1989). This exception, however, does not mention above-ground tanks. We must then look to the provisions of the act itself to see if there are any provisions concerning above-ground tanks which would preempt local fire code regulations.
It appears that the only mention of above-ground petroleum storage tanks in 8-7-801 et seq. is the definition of such tanks, (8-7-801
(1)), and a provision authorizing the Department of Pollution Control and Ecology to set annual registration fees for such tanks. 8-7-802 (6). This, in my opinion, is the extent of the Department's authority under 8-7-801 et seq. as regards above ground tanks.
It should be noted, however, that the provisions of A.C.A.15-75-101 et seq., concerning liquified petroleum gas, may be applicable to some "above ground petroleum tanks". Under that statutory scheme, specific requirements are set for containers of liquified petroleum gas mixtures, including butane and propane, (see A.C.a. 15-75-402 and 403); and the Liquified Petroleum Gas Board is given authority to promulgate rules, regulations, and standards for containers, systems, appliances and appurtenances as may be necessary. A.C.A. 15-75-208.
It should also be noted that the Director of the Arkansas State Police has the authority to adopt rules and regulations for the keeping and storing of highly inflammable materials including crude petroleum and any of its products. See A.C.A. 12-13-107, and Chapter 20 Division II of the Arkansas Fire Prevention Code.
To the extent that these statutes and regulations are applicable to the above-ground tanks about which you inquire, and to the extent they are "inconsistent" with local fire code regulations, they will supersede those fire code regulations.
See generally, A.C.A. 14-14-808, and 14-55-101.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
RON FIELDS Attorney General
RF:arb
[1] It appears that state fire regulations promulgated by the Director of the Arkansas State Police will only be `inconsistent" with local regulations if the former are the more stringent. That is, local fire code regulations may not be less stringent than those promulgated by the Director. See Section 304.2 of the Rules and Regulations for the Arkansas Fire Prevention Code.